IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRAD STEVEN MILLER,

                Plaintiff,                        ORDER

      v.                                    13-cv-270-wmc

WILLIAM GROSSHANS, MARTY ORDINANS,
SHARON ZUNKER, JERALD BURGE,
MARY BARTELS, SARAH PROFITT,
SGT. HARTMAN, OFFICER BARTELS,
OFFICER SCHLISSLER and OTHERS JOHN DOE,

                Defendants.

---

Plaintiff Brad Miller, a prisoner at the Wisconsin Resource Center in Winnebago, Wisconsin has submitted a proposed complaint under 42 U.S.C. § 1983. He asks for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee.

In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

From the trust fund account statement plaintiff has submitted, I calculate his initial partial payment to be $9.90. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask

prison authorities to pay *all* of his filing fee from his release account.  The only amount plaintiff must pay at this time is the $9.90 initial partial payment.  Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.  Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

One additional matter deserves mention.  In a letter to the clerk, plaintiff requests a waiver of the filing fees and costs.  Plaintiff says that he paid a $350 filing fee when he had originally filed this case in the Eastern District of Wisconsin in May of 2010 and the case was dismissed without prejudice.  The case was assigned case number 10-cv-383-jps.  I understand plaintiff to be asking to apply his $350 payment in case 10-cv-383 to this present case.  Plaintiff mistakenly believes that he can re-use his filing fee payment because his case was dismissed without prejudice.  The administrative costs associated with filing a complaint accrued when plaintiff's complaint was processed and assigned a case number.  A plaintiff whose case is dismissed, whether at the outset or at some later stage, is not entitled to a re-use his filing fees simply because the court did not reach the merits of his claims.  As such, plaintiff will not be able to apply the payment from his 2010 case to this case.

ORDER

IT IS ORDERED that plaintiff Brad Miller is assessed $9.90 as an initial partial payment of the $350 fee for filing this case.  He is to submit a check or money order made payable to the clerk of court in the amount of $9.90 on or before May 22, 2013.  If, by May 22, 2013, plaintiff

fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

    Entered this 2nd day of May, 2013.

                  BY THE COURT:

                  /s/
                  PETER OPPENEER
                  Magistrate Judge