IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRAD STEVEN MILLER,

                      Plaintiff,　　　　　　　OPINION AND ORDER

  v.

                                       13-cv-270-wmc

WILLIAM GROSSHANS, MARTY
ORDINANS, SHARON ZUNKER,
JERALD BURGE, MARY BARTELS,
SARAH PROFITT, SGT. HARTMAN,
OFFICER BARTELS, OFFICER SCHLISSLER
and OTHER JOHN DOE,

                      Defendants.

---

In this proposed civil action, plaintiff Brad Steven Miller alleges that various employees of correctional facilities in the State of Wisconsin violated his constitutional rights by (1) being deliberately indifferent to his serious medical needs, (2) retaliating against him in violation of the First Amendment, and (3) subjecting him to unconstitutional conditions of confinement. Miller asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Johnson has provided, the court concluded that he is unable to prepay the full fee for filing this lawsuit. Miller has also made the initial partial payment of $9.90 required of him under § 1915(b)(1).

Because Miller is incarcerated, the PLRA requires the court to take the additional step of screening his complaint and dismissing any portion that is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Because Miller's claims are barred by the statute of limitations, he has failed to state any claim on which relief may be granted. Accordingly, the court must deny his request for leave to proceed.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Miller alleges, and the court assumes for purposes of this screening order, the following facts:

- Plaintiff Brad Steven Miller is currently incarcerated at the Green Bay Correctional Institution. For all times relevant to his complaint, he was incarcerated at the Prairie du Chien Correctional Institution ("PDCI"), Wisconsin Secure Program Facility ("WSPF") in Boscobel, Wisconsin, and at New Lisbon Correctional Institution ("New Lisbon").

- Defendants are all employees of the Wisconsin Department of Corrections ("DOC"), who work at these various facilities.

- On or around May of 2004, while incarcerated at PDCI, HSU Administrator Mary Bartels destroyed medical records sent from his home to the prison and denied him pain medication for his back. Also, around that same time, Sharon Zunker, who also worked in the HSU, failed to reasonably respond to treatment for his back ordered by UW Madison.

- On or around June 2004, PDCI staff (identified as the "John Doe" defendants) retaliated against him for filing a complaint again HSU by housing Miller in segregation on "bogus reports" of bad conduct. While there, Hartman, Bartels and Schissler denied him the use of a restroom, forcing him to use the corner of a cell. Miller also alleges that Captain Sarah Proffit, Warden Burge, Grosshans, and Ordinarian were aware of this treatment.

- On or around May 2004, PDCI staff retaliated against Miller after he filed a complaint and notice of claim with the attorney general regarding segregation conditions at PDCI by medically clearing him for transfer to WSPF. While at WSPF, HSU Bernard Cox and PSU Dr. Gary Maier denied him medical treatment in violation of the Eighth Amendment.

- On or around December 2005, Miller was at New Lisbon awaiting release when the New Lisbon warden, Scott County Iowa District Attorney, governors of Wisconsin and Iowa, and the Sauk County Sheriff's Department conspired to kidnap him by illegally transporting him to Scott County Iowa. Miller was released from custody approximately one week later.

- On or around December 2005, Miller returned home and had lower lumbar reconstructive surgery.

OPINION

As reflected in the recount of Miller's allegations above, he attempts to assert various constitutional claims against numerous defendants employed at several DOC facilities in Wisconsin for events occurring in 2004 and 2005. Normally, the court would find that Miller's complaint violated Federal Rule of Civil Procedure 20, requiring him to choose a claim to pursue in this lawsuit to pursue in this case and file separate lawsuits for any other, unrelated claims he wished to pursue. Here, however, the court need not take that step because it is obvious from the face of his complaint that *all* claims are time barred.

In Wisconsin, a person has six years from the date he has notice of his injury to file a lawsuit under 42 U.S.C. § 1983. *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997) (citing Wis. Stat. § 893.53); *see also Malone v. Corrections Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009). This is known as a statute of limitations. Although the basic rule is that a failure to comply with a statute of limitations is an affirmative defense that must be proven by the defendants, a district court may dismiss a complaint on its own motion if a party pleads enough information in the complaint to show that it is untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness."); *see also United States v. Lewis*, 411 F.3d 838 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002); *Kauthar v. SDN BHD v. Sternberg*, 149 F.3d 659, 670 n.14 (7th Cir. 1998).

Accepting the allegations in Miller's complaint as true, the alleged violations of Miller's constitutional rights occurred no later than December 2005, which means that the statute of limitations ran on his claim in December 2011. Miller's complaint was not filed until April 2013, 16 months too late.[1] Accordingly, his complaint must be dismissed as time barred.

ORDER

IT IS ORDERED that:

1) Brad Steven Miller's motion for leave to proceed is DENIED, and plaintiff's claims are dismissed; and

2) Miller's other pending motions for assistance in recruitment of counsel and for court orders (dkt. ## 5, 9) are DENIED as moot.

Entered this 18th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Miller filed a complaint in the Eastern District of Wisconsin in 2010 asserting similar claims to those presented here. *See Miller v. State of Wis. Dep't of Corr.*, No. 10-cv-383-jps (E.D. Wis. May 4, 2010). That lawsuit was dismissed without prejudice due to Miller's failure to respond to defendants' motion to dismiss. *Miller*, No. 10-cv-383-jps (E.D. Wis. Aug. 31, 2010) (dkt. #14). Material to his present complaint, that lawsuit does not impact the statute of limitations because "[a] dismissal without prejudice is treated for statute of limitations purposes as if suit had never been filed." *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003).