Seventh Circuit Court of Appeals  
Everett McKinley Dirkson US Courthouse  
219 S. Dearborn St Rm 2722  
Chicago, IL 60604

January 14, 2014

U.S.C.A. — 7th Circuit
RECEIVED
JAN 16 2014    EF
GINO J. AGNELLO
CLERK

RE: Brad Miller, Case No. 13-CV-270 wmc (W.D. Wis)  
Notice of Appeal, Request for legal services, the A.D.A under Title II

Dear Court:

Please accept this notice of appeal with the following information. I would respectfully request appointment of counsel due to my disabilities.

The case was re-filed in the Western District of Wisconsin on Apr. 19, 2013 case no. 13-CV-270 wmc and was dismissed on December 18, 2013 and is this appeal.

The case was originally filed prematurely on May 4, 2010 in the Eastern District of Wisconsin to preserve the case by the (6) six year statute of limitations and was dismissed without prejudice on August 31, 2010.

Due to my ongoing learning, physical, and mental disabilities, the Tolling Act and provision under Wis Stat. 893.55, 893.16(4) apply and affect the (6) year statute of limitations in question.

### Facts and history of the suit

Many attempts to hire Wisconsin lawyers before and after hiring Attorney Marshall Tanick from Minnesota who agreed to "5000." in 2007. Then in March of 2010 withdrew from the case just month before the deadline on the statute of limitations at the end of May 2010. Tanick then prolonged the return of my file, per request, given to Tanick back in 2007, thus forced me to file the claims and service by myself prematurely on May 4, 2010. The file was finally received from Tanick weeks before the statute of limitations deadline. And as both Lawyers Associations and every attorney contacted, everyone declined to take my D.O.C case.

My disabilities range from a permanent physical disability from an injury and surgery, a learning disability throughout my life, and many mental or psychological disorders from my cruel and very ususual punishment (locked in drycell with no sink or toilet) with a serious back injury and pain causing other mental problems due to the denied or prolonged surgery. All my disabilities are well documented on file and qualifies as the essential eligibility requirements of impairments under the A.D.A (see Title II) This is unquestionably vaild as it applies to cases implicating the accessibility of judicial services as a fundamental right of access to the courts, which is considered a vaild exercise of the Fourteenth Amendment's section 5 enforcement power.(Please see) Tennessee v Lane 541 US 509 (2004) and Pennsylvania DOC v Yeskey 524 us 206 (1998) and denied such services is subject to discrimination by such entibity under 42-312132

(2)

On October 9, 2013 a (3) three page letter was filed with the district court (Judge Conley) as a copy sent to the Attorney General, J.B. Van Hollen. This letter or correspondence explained any concerns regarding the refiling issue from the Eastern District, the on-going search for counsel, the additional filed motions supporting the request for appointment of counsel, the ongoing retaliation by D.O.C. staff members and the two (2) physical assaults due to the known or failure to protect with the covering up of the complaints, and most of all the disabilities under the Wisconsin Tolling Provision which affected the statute of limitations, and received no response.

On December 18, 2013 the district court had conveniently ordered my motion for the appointment of counsel through a Declaration and the Memorandum of law supporting the request as moot, based on the first order that dismissed the case for time barred reasons (statute of limitations). This was essentially the backbone for the dismissal and errored by failing to even mention or address the Tolling Provision issues raised in the Oct 9, 2013 correspondance letter by Miller. The state provision had infact affected the statute of limitation and was not allowed to be argued, and prevented the appointment of counsel into the case to argue such facts through the brief and the case it-self containing criminal acts not just civil.

The complaint also contains certain criminal acts that the Attorney General had failed to prosecute due to the conflict of interest as the D.O.J. defends the people who they should have prosecuted.

(3)

The district court has put Miller in a classic double catch-22 position by inappropriately dismissing Miller's case as it clearly knew about Miller's claimed disabilities and lack of legal experience needed in his complex case and being denied his request for appointment of counsel was then expected to proceed to the Seventh Circuit and somehow prepare a brief through an appeal which Miller totally lacks experience in which lead to Millers first dismissal on the original filing of the complaint back in 2010 as Millers attorney inappropriately withdrew, as this puts Miller right back in the first position of distress to attempt legal work clearly he is unable to accomplish in the first place.

I am enclosing my 6-month prison trust account statement which is $11.30 minus deductions of my court obligation each month, but would like to pay what I can until my release around July of 2014.

Thank you for your time and understanding in assisting in this appeal notice, and anticipate any forthcoming acknowledgement regarding the request for counsel.

Sincerely,
Brad Miller

Brad Miller #258560
Green Bay Correctional Institution
P.O. Box 19033
Green Bay, WI 54307-9033

Help drafted by James Yaeger