IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRAD STEVEN MILLER,

        Plaintiff,

v.

WILLIAM GROSSHANS, MARTY
ORDINANS, SHARON ZUNKER,
JERALD BURGE, MARY BARTELS,
SARAH PROFITT, SGT. HARTMAN,
OFFICER BARTELS, OFFICER SCHLISSLER
and OTHER JOHN DOE,

        Defendants.

ORDER

13-cv-270-wmc
Appeal no. 14-1156

---

In 2013, state inmate Brad Miller filed a civil action pursuant to 42 U.S.C. § 1983, concerning various conditions of his confinement in 2004-05. Recently, the court denied him leave to proceed and dismissed this case under 28 U.S.C. § 1915A as barred by the governing statute of limitations. Miller has now filed a notice of appeal. Because he has submitted a certified trust fund account statement, Miller presumably requests leave to proceed *in forma pauperis*.

In determining whether a litigant is eligible to proceed *in forma pauperis* on appeal, the court must find that he is indigent and, in addition, that the appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith."). According to the financial information that Miller has provided, he appears to qualify for indigent status. Nevertheless, the court will not grant leave to proceed in this instance. In *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982), the

Seventh Circuit instructed district courts to find bad faith where a plaintiff is appealing the same claims that were found to be without legal merit. *See Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir. 2000). Untimely claims such as those presented by Miller in this case lack an arguable basis in law and are properly dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Spearman v. Monterey Coal Co.*, 202 F.3d 274, 1999 WL 1054552, *1 (7th Cir. 1999) (unpublished). Considering the arguments raised in his notice of appeal, Miller has not offered a persuasive explanation for his substantial delay or his failure to seek relief within Wisconsin's generous 6-year statute of limitations. *See* Dkt. # 17. To the extent that Miller intends to pursue the same untimely claims that he raised in his proposed complaint, the court concludes that the appeal is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3). Accordingly, Miller's request for leave to proceed *in forma pauperis* on appeal will be denied.

Finally, in his notice of appeal plaintiff includes a request for appointment of counsel. That request will be denied because is not properly raised in this court. If Miller wishes to be appointed counsel on appeal, he will have to make his request directly to the Court of Appeals for the Seventh Circuit

ORDER

IT IS ORDERED that:

1. The court CERTIFIES that plaintiff Brad Miller's appeal is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3) and DENIES him leave to proceed *in forma pauperis* in this case.

2.      Although this court has certified that plaintiff's appeal is not taken in good faith under Fed. R. App. P. 24(a)(3), Miller is advised that he may challenge this finding pursuant to Fed. R. App. P. 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, within thirty (30) days of the date of this order.  With that motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with a statement of issues he intends to argue on appeal.  Also, he must send along a copy of this order.  Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

3.      Plaintiff's request for appointment of counsel on appeal is DENIED without prejudice to his refiling it with the Court of Appeals.

Entered this 31st day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3